IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JONETTA L. GRIEME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:23-cv-06164-DGK |
| | ) | |
| ANDREW COUNTY COURTHOUSE and | ) | |
| COURT CLERK, ANDREW COUNTY | ) | |
| SHERIFF GRANT GILLETT, ANDREW | ) | |
| COUNTY JAIL, and KYLE FISHER | ) | |
| (MISSOURI PUBLIC DEFENDER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO CLARIFY AND/OR RECONSIDERATION

This pro se lawsuit arises from Plaintiff's allegations that she was mistreated while in custody and extra time was added to her sentence without notice or an opportunity to be heard. Now pending before the Court is Plaintiff's "Letter to the Honorable Judge Greg Kays" and revised Application for Leave to File Action without Payment of Fees with Affidavit of Financial Status in Support, which are filed as one document. ECF No. 11.

The Court construes this filing as a motion to clarify and motion for reconsideration. After carefully reviewing the entire record, the Court sees nothing in it that needs to be corrected or clarified. Additionally, after reviewing Plaintiff's revised application for leave to file without payment of fees, the Court finds the request for reconsideration should be denied.

The process for determining whether a plaintiff should be granted leave to proceed *in forma pauperis* (that is, without payment of fees, costs, or security) consists of two steps. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the Court must decide

whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a)(1). *See Stewart*, 691 F.2d at 857. If the plaintiff qualifies by economic status, then the Court must decide whether the case is "frivolous or malicious" or seeks monetary relief against a party immune from such damages. 28 U.S.C. § 1915(e)(2)(B); *Stewart*, 691 F.2d at 857.

28 U.S.C. § 1915(a)(1) provides that a court may authorize the continuation of any suit without prepayment of fees or costs by a person who submits an affidavit that he or she is unable to pay such fees or costs. In weighing Plaintiff's application, the Court is guided by Local Rule 83.7's admonition that court fees and costs should not "cause the applicant to give up the basic necessities of life."

In the revised affidavit of financial status, Plaintiff states she has a net monthly income of $2,400 and approximately $1,100 in monthly bills, which include service on approximately $33,000 of debt. While Plaintiff's income is modest, the Court cannot say that requiring her to pay the fees and costs associated with this lawsuit—which she promptly paid after a magistrate judge denied her initial application—will cause her to give up the basic necessities of life. Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Date:   March 28, 2024             /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT