## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JONETTA L. GRIEME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:23-cv-06164-DGK |
| | ) | |
| ANDREW COUNTY COURTHOUSE and | ) | |
| COURT CLERK, ANDREW COUNTY | ) | |
| SHERIFF GRANT GILLETT, ANDREW | ) | |
| COUNTY JAIL, and KYLE FISHER | ) | |
| (MISSOURI PUBLIC DEFENDER), | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This pro se lawsuit arises from Plaintiff Jonetta Grieme's imprisonment in a county

jail. Plaintiff alleges she was mistreated while in custody; she spent more time in jail than

called for by her sentence because of a clerical error; and additional time was illegally added

to her sentence.

Now before the Court is a motion to dismiss brought by Defendants Kyle Fisher, the

Andrew County Courthouse, and the Andrew County Court Clerk ("Moving Defendants").

ECF No. 28. Because public records which are necessarily embraced by the pleadings

demonstrate Plaintiff's allegations are not true, and because the Amended Complaint, ECF

No. 10, fails to state a claim against these defendants, the motion is GRANTED. Plaintiff's

claims are dismissed without prejudice with respect to these defendants.

### Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept

as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (cleaned up). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

## Background

The Amended Complaint asserts six numbered claims: (1) "1st Amendment (Retaliation)"; (2) "5th Amendment (Due Process and Double Jeopardy)"; (3) "Failure to Intervene"; (4) "RSMo 630.163 Mandatory reporting requirements"; (5) "Obstruction of Justice"; and (6) "Negligence." Am. Compl. at 2–4. The text accompanying these claims cites caselaw and make conclusory statements but pleads few facts. However, this portion of the Amended Complaint does allege Plaintiff was "treated unfairly while serving a sentence on a DWI," in retaliation for her previously filing three federal lawsuits against the Andrew

2

County Sheriff's Department, the Andrew County Prosecutor, the Buchanan County Sherriff's Department, and the Buchanan County Drug Strike Force. *Id*. at 2.

The fourth page of the Amended Complaint includes a hand-written narrative making more extensive factual allegations. It reads.

> I was sentenced to [6 or 1] month in the county jail, I was given credit for time already served.
>
> For the exchange of my guilty plea Judge had no objection to ¾ time and I was allowed work release.
>
> Whoever entered the sentencing into the computer wrong and Kyle Fish (my MO state Public defender) never got the judgment entry corrected.
>
> When I applied for ¾ time they kept den[y]ing me. I phoned Kyle Fisher from jail and asked him if they were den[y]ing me because it was entered wrong. Kyle either Called or Emailed the Clerk then told me that was not why they were den[y]ing me. [T]he day before my release date Kelsy House and Steve Mcdewitt had the Court Clerk add more days to my sentence. Kyle Fisher refused to help me get that order corrected, Sheriff Gillett refused to help, the jailors refused to help, and the court would not correct it either.

*Id*. at 4. Elsewhere Plaintiff also asserts that.

> I suffered from a lot of emotional distress. My mental health was affected tremendously. I was on disability for yrs. Due to my PTSD (which reminds me of when one of the jailers came through for count late one night and slammed the door shut so loud; then making fun of me said, "OH my PTSD," Deputy Jeffers/Andrew County), I filed because I suffered financial hardship, I filed because my cat died d[ue] to their negligence, ignoring my Petition for a Furlough and ignoring numerous request to contact the fire department. I filed because I expected better out of my local small town government officials and Sheriff. The jail locked me down for storing my dry cereal and dry bread in a zip-loc bag just

3

like the rules on the tablets said to do but when a female in jail on murder charges threatened my life and was bullying the other females in the dayroom, despite the numerous complaints from everyone in that dayroom jail staff did nothing. ([W]e had a right to equal protection and that girl threatened my life and jail staff did not even lock her down) the whole dayroom of women was filing complaints on that girl and nothing was done. I also filed because despite the numerous attempts I made to address the issue about the added eight days to Jail staff, My public defender Kyle Fisher, the Sheriff Grant Gillett and the Courts they all just ignored me, and they had enough time to correct the issue before I was contained against my will illegally by double jeopardy and lack of Due [P]rocess, I was retaliated against for telling on Shawn Collie and filing previous complaints in the Western District of Missouri.

*Id*. at 6.

The records of the Missouri criminal proceeding to which Plaintiff is referring, *State of Missouri v. Jonetta Grieme*, 21AW-CR00610-01 (and which are necessarily embraced by the Amended Complaint), show that on September 20, 2022, Grieme pled guilty to driving while intoxicated as a persistent offender, a Class E felony. As part of her plea, Plaintiff identified what the Prosecuting Attorney promised her in exchange for her guilty plea. She wrote: "Recommend either 4 months in County Jail, with no objection to ¾ time or work release, or a one-year sentence, SES, with a 2 year term of probation."

On October 25, 2022, Plaintiff was sentenced. The docket entry reads, "Count 1 – Defendant sentenced to 4 months jail, CREDIT FOR TIME SERVED, NO 3/4 WORK RELEASE." The October 25, 2022, commitment order reads, in relevant part, "120 days," "start 11-12-22 noon," and, "NO 3/4 or work release."

On December 5, 2022, Plaintiff filed a request for 3/4 time. The judge denied her

4

request on December 16, 2022. Plaintiff filed another request for 3/4 time on December 29, 2022. The judge denied this request on January 4, 2023.

On January 24, 2023, the judge ordered Plaintiff "to serve 8 days due to being in hospital/not in custody."

**Discussion**

Although it is unclear whether all six claims are brought against the Moving Defendants, they move for dismissal of the entire Amended Complaint with respect to them. For the following reasons, the motion is granted.

**I.      Counts 1 and 4 are dismissed.**

Counts 1 and 4 both appear to arise from the conditions of Plaintiff's confinement, so the Court will consider them in the same section.

**A.      Count 1 should be dismissed.**

Count 1 ("First Amendment (Retaliation)") alleges Plaintiff "was retaliated against after filing previous complaints" in three lawsuits brought in the Western District of Missouri,[1] and that she was treated unfairly while serving her sentence for DWI. As an initial matter, it does not appear this claim is aimed at any of the moving Defendants because they were not named in any of the three lawsuits Plaintiff previously filed. Assuming for the sake of argument Plaintiff did mean to sue them in Count 1, however, this count fails to state a plausible claim against them for several reasons. First, it alleges someone—it does not identify who—retaliated against Plaintiff for filing prior lawsuits. This is insufficiently specific. It seems axiomatic that if a complaint fails to identify who is being sued, then the

---

[1] These are *Grieme v. Andrew Cnty Sheriff's Dept.*, 5:20-CV-6182-HFS; *Grieme v. Buchanan Cnty Sheriff's Dept.*, 5:20-CV-6183-SRB; and *Grieme v. Shawn Collie*, 5:21-6144-CV-CW.

Court "cannot draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Second, the allegations are completely conclusory, they merely allege Plaintiff was "retaliated against" and "treated unfairly." This is not enough. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Id*.

Granted, Count 4 of the Amended Complaint identifies one act which could be construed as an act of retaliation: Plaintiff's assertion that her petition for a furlough was "ignored." But this allegation is too devoid of any supporting facts or details to animate a First Amendment retaliation claim. A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Amended Complaint only alleges her furlough petition was "ignored" (which the Court assumes means intentionally not considered). But without additional details, the Court cannot infer that Moving Defendants intentionally ignored the petition, or that they ignored the petition to retaliate against her for filing her prior lawsuits.

Count 1 is dismissed against Moving Defendants.

**B.      Count 4 should be dismissed.**

Count 4 ("RSMo 630.163 Mandatory reporting requirements") alleges Plaintiff was a vulnerable person presenting "a likelihood of suffering serious physical harm or is the victim of abuse or neglect"; she was "neglected" of her Constitutional Rights; and Defendants refused to call the proper authorities, including the fire department so it could let her cat out of her house while she was incarcerated, thus resulting in the cat's death. Plaintiff brings this claim pursuant to Mo. Rev. Stat. § 630.163.

6

Defendants contend that this statute provides no private right of action to enforce it, and so Plaintiff may not bring a civil claim under it. Plaintiff does not respond to this argument; hence it is conceded. *Turner v. ILG Techs., LLC*, No. 2:21-CV-04192-NKL, 2023 WL 3553133, at *2 (W.D. Mo. May 18, 2023) ("Ours is an adversarial system of litigation; if a party does not refute the opposing party's argument, then it is deemed a concession.").

Count 4 is dismissed against Moving Defendants.

## II.     Counts 2, 3 and 5 are dismissed.

The Court groups Count 2 ("5th Amendment (Due Process and Double Jeopardy)"), Count 3 ("Failure to Intervene"), and Count 5 ("Obstruction of Justice") together because they all arise from Plaintiff's allegations that she spent more time in jail than called for by her sentence because of a clerical error and/or that additional time was illegally added to her sentence.

These claims all fail because court records which are necessarily embraced by the pleadings unequivocally demonstrate that the absence of 3/4 time in Plaintiff's sentence was not a mistake, and that eight days were not illegally added to her sentence. As for the fact Plaintiff was not given 3/4 time, the records show Plaintiff had an agreement with the *prosecutor* that the prosecutor would not to object to Plaintiff serving 3/4 time. The presiding judge, however, was not bound by this agreement and so could—and did—sentence Plaintiff to 120 day in the county jail without 3/4 time. As for the additional time "added" to Plaintiff's sentence, the record shows the state court calculated she had to serve eight more days than she thought because she had been temporarily released or was in the hospital for eight days while serving her sentence. Thus, there is no due process problem, no

double jeopardy issue, no constitutional violation to which Defendants were obligated to intervene to correct, and no obstruction of justice.

Counts 2, 3, and 5 are dismissed against Moving Defendants.

## III. Count 6 is dismissed.

As for Count 6 ("Negligence"), the space under the heading for this claim is blank, and the Court sees no statements anywhere else in the Amended Complaint alleging the elements of a negligence claim. Accordingly, Count 6 is dismissed against Moving Defendants.

## Conclusion

For the reasons discussed above, the motion to dismiss is GRANTED. The Amended Complaint is dismissed without prejudice against Defendants Kyle Fisher, the Andrew County Courthouse, and the Andrew County Court Clerk.

**IT IS SO ORDERED.**

Date:   May 24, 2024                     /s/ Greg Kays
                                         GREG KAYS, JUDGE
                                         UNITED STATES DISTRICT COURT