# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| JONETTA L. GRIEME, | ) |
| Plaintiff, | ) |
| v. | ) No. 5:23-cv-06164-DGK |
| ANDREW COUNTY SHERIFF GRANT GILLETT, | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT SHERIFF GILLETT'S MOTION FOR SUMMARY JUDGMENT

This lawsuit arises from pro se Plaintiff Jonetta Grieme's imprisonment in the Andrew County Jail. Plaintiff alleges Defendant unlawfully added additional time to her sentence, damaging her in several ways, including causing the death of her cat. She also alleges she was mistreated while in custody. This is the fifth pro se lawsuit Plaintiff has filed in the last few years making similar allegations against various county law enforcement officers, county officials, and court officers.

Now before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 84, and Defendant Sheriff Grant Gillett's ("Gillett") Motion for Summary Judgment, ECF No. 85. Gillett is the sole remaining defendant in this lawsuit who is amenable to suit and has been properly served. Because there are no genuine disputes as to any material facts and Gillett has demonstrated he is entitled to judgment as a matter of law, Plaintiff's motion is DENIED and Gillett's motion is GRANTED.

### Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to

the nonmoving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving part[ies]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of showing a lack of a genuine dispute as to any material fact, *Celotex Corp.*, 477 U.S. at 323, and the Court views the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). To survive a motion for summary judgment, the nonmoving party must substantiate her allegations with "sufficient probative evidence that would permit a finding in her favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (quotation omitted).

**Undisputed Material Facts**

The material, undisputed facts are as follows.[1]

On or about August 9, 2022, Plaintiff was charged in *State of Missouri v. Jonetta Grieme*, 21AW-CR00610-01, with being a DWI/Persistent Offender for operating a motor vehicle while under the influence of alcohol on or about December 30, 2021.

On September 20, 2022, Plaintiff pled guilty by agreement to DWI/Persistent

---

[1] The Court has limited the facts to those that are undisputed and *material* to the pending summary judgment motion. *See* Fed. R. Civ. P. 56(c) (emphasis added); L.R. 56.1(a). The Court has excluded legal conclusions, argument presented as fact, and proposed facts which are not admitted or not properly supported by the record or admissible evidence. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). The Court has included proposed material facts which have been improperly controverted. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a).

Offender in exchange for the state's agreement to recommend to the court that she be sentenced to either (1) four months' imprisonment in the county jail with no objection to three-quarter time and work release, or (2) a one-year sentence with suspended execution of sentence ("SES") and a two-year period of probation.

The prosecutor honored the agreement. Even so, on or about October 25, 2022, the Honorable Michael Ordnung sentenced Plaintiff to one hundred-twenty days in the Andrew County Jail. Judge Ordnung expressly denied the parties' request for three-quarter time or work release. In the "Special Instructions" portion of his commitment order, he wrote, "NO 3/4 or work release Give cred. for T/S." He ordered Plaintiff to begin serving her sentencing on November 12, 2022, at noon.

On December 21, 2022, Plaintiff's attorney, Public Defender Kyle Fisher, emailed Allison Wunderlich, the clerk for criminal matters in the Andrew County Circuit Court's office, asking why Judge Ordnung had denied the parties' request for work release and three-quarter time. Ms. Wunderlich replied the judge denied the request because of Plaintiff's "behavior in jail."

On January 24, 2023, the Honorable Emily Bauman, who had replaced Judge Ordnung upon his retirement, ordered Plaintiff to serve an additional eight days in the Andrew County Jail "due to being in hospital/not in custody." On February 2, 2023, Plaintiff was released from the Andrew County Jail.

The operative complaint in this case, Plaintiff's Third Amended Complaint, ECF No. 44, ("the Complaint"),[2] asserts six misnumbered claims: (1)"Failure to Intervene"; (2) "1st

---

[2] The Court notes Plaintiff has filed two other documents which are also captioned "Amended Complaint." ECF No. 10, and ECF No. 37. The essence of the claims asserted in all three of these complaints is the same. The allegations in the Second and Third Amended Complaints include claims Plaintiff raised in prior lawsuits filed in this court. *See Grieme v. Andrew Cnty Sheriff's Dept. et al.*, 5:20-cv-06051-HFS (dismissed April 9,

Amendment (Retaliation)"; (3) "5th Amendment (Due Process and Double Jeopardy)"; (4) "RSMo 630.163 Mandatory reporting requirements"; (5) "Obstruction of Justice"; and (6) "Negligence." Am. Compl. at 3–6. In support, the Complaint cites caselaw, issues conclusions, and makes factual allegations, some of which are relevant to the above claims.

## Discussion

Although it is unclear whether all six claims are brought against Gillett, he has moved for summary judgment on all counts. For the following reasons, the motion is granted.

**I.     Gillett is entitled to summary judgment on the first and third claims.**

The Court groups the "Failure to Intervene" and "5th Amendment (Due Process and Double Jeopardy)" claims together because they both arise from Plaintiff's allegations that she spent more time in jail than called for by her sentence because of a clerical error and/or that additional time was illegally added to her sentence.

Defendant argues, among other things, that he is entitled to qualified immunity on these counts. Qualified immunity shields public officials from liability for civil damages in federal civil rights cases if their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Watkins v. City of St. Louis, Missouri*, 102 F.4th 947, 951 (8th Cir. 2024). In the present case, Plaintiff has not identified, nor can the Court find any, clearly established statutory or constitutional right a reasonable person would have known Defendant Gillett's actions violated.

In fact, the record established no violation of any kind. The record shows Plaintiff

---

2020); *Grieme v. Buchanan Co Sheriff's Dept. et al.*, 5:20-cv-06052-SRB (dismissed May 18, 2020); *Grieme v. Collie et al.*, 5:21-cv-06007-BCW (dismissed July 12, 2021); *Grieme v. Andrew Cnty Sheriff's Dept.*, 5:21-cv-06145-HFS (dismissed December 21, 2021); *Grieme v. Buchanan Cnty Drug Strike Force et al.*, 5:21-cv-06144-BCW (defendants granted summary judgment on July 26, 2023).

had an agreement with the *prosecutor* to recommend to the sentencing judge that Plaintiff receive "3/4 time" or a work release. The sentencing judge, however, was not bound by this agreement and remained free to sentence Plaintiff to 120 days without 3/4 time, a work release, or any furlough. As for Plaintiff's release date being extended eight days, the record shows the state court determined Plaintiff had had been temporarily released to a hospital and so was not in custody for eight days while serving her sentence, which justified extending the release date. These are decisions Gillett, a county sheriff, had nothing to do with. Thus, there was no due process or double jeopardy problem or other constitutional violation to which Gillett was obligated to intervene to correct.

Consequently, Gillett is entitled to summary judgment on these claims.

## II.  Gillett is entitled to summary judgment on the First Amendment claim.

The second claim identified in the Complaint, "First Amendment (Retaliation)," alleges Plaintiff "was retaliated against after filing previous complaints" in three lawsuits brought in the Western District of Missouri,[3] and that she was treated unfairly while serving her sentence. Compl. at 5. While it is unclear who this claim is brought against, giving Plaintiff the benefit of every reasonable doubt it appears this claim could be brought against Gillett because he appears to have been a defendant in at least one of Plaintiff's prior lawsuits. That said, Gillett is entitled to summary judgment on this claim.

To prevail on a First Amendment retaliation claim in the context of a detention, a plaintiff must plead, and eventually prove, two things: (1) the absence of justification for the detention; and (2) that "retaliation was a substantial or motivating factor" behind the detention. *See Nieves v. Bartlett*, 587 U.S. 391, 404 (2019). With respect to the second

---

[3] *Grieme v. Andrew Cnty Sheriff's Dept.*, 5:20-CV-6182-HFS; *Grieme v. Buchanan Cnty Sheriff's Dept.*, 5:20-

factor, the retaliatory motive "must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id*. at 399. "[A]ction colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway." *Harman v. Moore*, 547 U.S. 250, 260 (2006). Here, Plaintiff cannot show the first or second elements because the record demonstrates she was lawfully detained pursuant to a judge's order for her entire incarceration. The record also does not show any mistreatment. Accordingly, Gillett is entitled to summary judgment on this claim.

### III.    Gillett is entitled to summary judgment on the "RSMo 630.163" claim.

Plaintiff's fourth claim ("RSMo 630.163 Mandatory reporting requirements") alleges a violation of Missouri state law, Mo. Rev. Stat. § 630.163. It contends Plaintiff was a vulnerable person presenting "a likelihood of suffering serious physical harm or is the victim of abuse or neglect"; she was "neglected" of her Constitutional Rights; and "[t]hey" (the Court has no idea who "they" is, but giving Plaintiff the benefit of the doubt, the Court construes "they" to include Gillett) refused to call the proper authorities, including the fire department so it could let her cat out of her house while she was incarcerated. As a result, the cat died.

Gillett argues this statute provides no private right of action, and so Plaintiff may not bring a civil claim under it. Plaintiff does not respond to this argument; hence it is conceded. *Turner v. ILG Techs., LLC*, No. 2:21-CV-04192-NKL, 2023 WL 3553133, at *2 (W.D. Mo. May 18, 2023) ("Ours is an adversarial system of litigation; if a party does not refute the opposing party's argument, then it is deemed a concession.").

The Court holds Gillett is entitled to summary judgment on this claim.

CV-6183-SRB; and *Grieme v. Shawn Collie*, 5:21-6144-CV-CW.

**IV. Gillett is entitled to summary judgment on the "Obstruction of Justice" claim.**

Viewed in the light most favorable to Plaintiff, the fifth claim ("Obstruction of Justice") alleges that someone—it is unclear who—deleted from the state court docket, or failed to file, Plaintiff's petition for a furlough, thereby committing some sort of tort for obstruction. This count cites three federal statutes, 18 U.S.C. §§ 1503, 1505, and 1512. Section 1503 makes it a crime for someone to "corruptly, or by threats or force," influence an officer or juror of any court of the United States. Relevant to this claim, section 1505, makes it a crime to willfully withhold, remove, conceal, cover up, destroy, mutilate, or alter any civil investigative demand made under the Civil Process Act. Finally, section 1512 makes it a crime to tamper with a witness, victim, or an informant.

None of these statutes provides a private right of action. *See Scherer v. United States*, 241 F. Supp. 2d 1270, 1282 (D. Kan. 2003) (holding no private right of action under §1203); *de Pacheco v. Martinez*, 515 F. Supp. 2d 773, 787 (S.D. Tex. 2007) (holding no private right of action under §1205); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009) (holding no private right of action under §1212). Accordingly, Gillett is entitled to summary judgment on this claim.

**V. Gillett is entitled to summary judgment on the Negligence claim.**

As for a possible Count 6, while there is a heading for a claim of "Negligence" here, the space under the heading for this claim is completely blank. Further, there are no statements anywhere else in the Amended Complaint alleging the elements of a negligence claim, nor does Plaintiff's summary judgment briefing establish the elements of a negligence claim, with perhaps the exception of damages.

Thus, Defendant Gillett is entitled to summary judgment on Count 6.

**VI.    The Court does not address Defendant Gillett's remaining arguments.**

Finally, the Court notes Defendant Gillett also contends Plaintiff's claims are also barred by judicial immunity, official immunity, immunity under the public duty doctrine, qualified immunity, and the Eleventh Amendment. Some of these arguments are so conclusory they are arguably insufficient. Given that the rulings above are dispositive, the Court does not rule on Gillett's remaining arguments.

## Conclusion

For the reasons discussed above, Plaintiff's motion for summary judgment is DENIED and Gillett's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Date:    February 21, 2025            /s/ Greg Kays
                                                                      GREG KAYS, JUDGE
                                                                       UNITED STATES DISTRICT COURT